**No. 21-15295**

In the United States Court of Appeals for The Ninth Circuit

APACHE STRONGHOLD,
Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA, ET AL.,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Arizona
Honorable Steven P. Logan
(2:21-cv-00050-PHX-SPL)

**OPPOSITION TO MOTION OF AMERICAN EXPLORATION & MINING ASSOCIATION, *ET AL*., TO PARTICIPATE IN ORAL ARGUMENT AS *AMICI CURIAE***

MICHAEL V. NIXON
101 SW Madison Street #9325
Portland, OR 97207
(503) 522-4257
*michaelvnixon@yahoo.com*

CLIFFORD LEVENSON
5119 North 19th Street, Suite K
Phoenix, AZ 85015
(602) 544-1900
*cliff449@hotmail.com*

LUKE W. GOODRICH
  C*ounsel of Record*
MARK L. RIENZI
DIANA VERM THOMSON
JOSEPH C. DAVIS
DANIEL D. BENSON
THE BECKET FUND FOR
  RELIGIOUS LIBERTY
1919 Pennsylvania Ave. NW
  Suite 400
Washington, DC 20006
(202) 955-0095
*lgoodrich@becketlaw.org*

*Counsel for Plaintiff-Appellant*

The Court should deny the motion of *amici* mining interests for divided argument. Dkt. 156. "[D]ivided argument is not encouraged, as it often leads to confusion and inefficiency." 9th Cir. Appellate Practice Guide § XI.II.D. This case is no exception.

1. *Amici* seek divided argument on the ground that they are "uniquely positioned" to make two arguments: (1) that the destruction of Oak Flat by the mine "could take years"; and (2) that RFRA cannot apply to a "subsequently enacted statute." Dkt. 156 at 2-6. Neither argument has merit.[1] More importantly for this motion, neither argument is "unique[.]" The government has made both arguments, repeatedly. *See, e.g.,* Gov't's Opp. to Mot. for Inj. Pending Appeal at 7-10; Gov't's Answering Br. at 16 n.3, 56-57; Gov't's Opp. to Rehearing En Banc at 16-19. So the government is fully capable of addressing any questions about these arguments during its own time. Adding *amici* will create only confusion and inefficiency.

2. Lacking any unique reason for divided argument, *amici* say "[t]his Court has repeatedly granted *amici* representing an affected industry leave to participate in oral argument at the *en banc* stage," citing three cases. Dkt. 156 at 2. But in none of those cases did any party oppose the *amicus* participation. Meanwhile, this Court has often denied *amicus* participation in oral argument—even when the supported party didn't

---

[1] *See, e.g.*, 3-ER-343 (destruction will be "immediate, permanent, and large in scale"); 42 U.S.C. § 2000bb-3(b) (later-enacted law "is subject to this chapter unless such law explicitly excludes such application by reference to this chapter").

1

oppose, *see, e.g.*, *Smith v. Obama*, No. 14-35555 (9th Cir. Oct. 29, 2014), ECF 64 (denying participation by Center for National Security Studies, represented by Jenner & Block LLP), or even when the *amici* were well-known organizations represented by sophisticated counsel, *see Brown v. Elec. Arts, Inc.*, No. 09-56675 (9th Cir. June 29, 2012), ECF 111 (denying participation by the Players Associations of the NFL, NBA, NHL, MLB, and MLS, represented by Altshuler Berzon). The mining-interest *amici* haven't shown that divided argument is any more appropriate here.

3. If the Court were to hold that such a negligible showing sufficed to justify argument time, the Court should be prepared to contemplate still further division of the argument. Many *amici* believe they are "uniquely positioned" to make various arguments in this important case. Plaintiffs' counsel has already been contacted by *amici* supporting Plaintiffs who likewise wish to participate in oral argument. While the various *amici* have made important contributions via briefing, Plaintiffs don't believe a fractured oral-argument-by-committee would be helpful to the Court. And the Court should be aware that if it grants *amici*'s motion, it may receive requests from other *amici* supporting Plaintiffs seeking argument time as well.

4. Finally, if the Court does grant the mining-interest *amici* seven minutes of argument time, Plaintiffs ask in the alternative that the total argument time be expanded to compensate. As Judges Berzon and Buma-

tay have already recognized, the government's position in this case is irreconcilable with text, logic, and precedent and is unable to withstand scrutiny. The *en banc* Court should not be hurried in exploring the flaws in the government's position at argument, and the government should be held fully accountable in answering for them.

Thus, if the Court grants the mining-interest *amici* seven minutes of argument time, Plaintiffs ask that the Court likewise expand the total time for oral argument for each side by seven minutes, such that the government continues to face a minimum of thirty minutes of questioning.

\* \* \*

The Court should deny the mining-interest *amici*'s request for argument time. If the Court grants *amici* argument time, it should expand the argument time for both sides by a commensurate amount, such that the government continues to face a minimum of thirty minutes of questioning.

|  | Respectfully submitted, |
|---|---|
|  | */s/Luke W. Goodrich* |
| MICHAEL V. NIXON | LUKE W. GOODRICH |
| 101 SW Madison Street #9325 |   C*ounsel of Record* |
| Portland, OR 97207 | MARK L. RIENZI |
| (503) 522-4257 | DIANA VERM THOMSON |
| *michaelvnixon@yahoo.com* | JOSEPH C. DAVIS |
|  | DANIEL D. BENSON |
| CLIFFORD LEVENSON | THE BECKET FUND FOR |
| 5119 North 19th Street |   RELIGIOUS LIBERTY |
|   Suite K | 1919 Pennsylvania Ave. NW |
| Phoenix, AZ 85015 |   Suite 400 |
| (602) 544-1900 | Washington, DC 20006 |
| *cliff449@hotmail.com* | (202) 955-0095 |
|  | *lgoodrich@becketlaw.org* |

March 3, 2023

## CERTIFICATE OF COMPLIANCE

This document complies with the requirements of Fed. R. App. P. 27(d) and Circuit Rules 27-1(1)(d) and 32-3(2) because it has 638 words.

This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Luke W. Goodrich*
Luke W. Goodrich

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2023, the foregoing document was filed electronically with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit through the Court's CM/ECF system. I certify that all participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system and that a PDF copy of this motion will be emailed to opposing counsel immediately after it is filed.

*/s/ Luke W. Goodrich*
Luke W. Goodrich